# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ANTONIO CLAYTON, *et al.*,**                                                       **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO. 2:17-CV-153-KS-MTP**

**DENBURY OPERATING COMPANY**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiffs' Motion to Remand [6]. The parties shall contact the chambers of the Magistrate Judge and schedule a Case Management Conference.

## I. BACKGROUND

This is a toxic tort case. Plaintiffs allege that Defendant tortiously permitted pollutants to escape a natural gas pipeline, which caused a variety of damages. Defendant removed the case from the Circuit Court of Jasper County, Mississippi, on the basis of diversity jurisdiction. Plaintiffs filed a Motion to Remand [6], arguing that the amount in controversy does not exceed the jurisdictional threshold of $75,000.00.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction of any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a).

When a motion to remand has been filed, the party invoking the Court's jurisdiction has the burden of proving that the jurisdictional requirements have been met. *De Aguilar v. Boeing Co. (De Aguilar II)*, 47 F.3d 1404, 1408 (5th Cir. 1995). If the plaintiff does not request a specific sum, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided the plaintiff has not shown that it is legally certain that his recovery will not exceed" the jurisdictional threshold. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

As a general rule, "jurisdictional facts are determined at the time of removal, and . . . post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of

remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Plaintiffs did not demand a specific sum in their Complaint. *See* Exhibit A to Memorandum, *Clayton v. Denbury Onshore, LLC*, No. 2:17-CV-153-KS-MTP (S.D. Miss. Sept. 29, 2017), ECF No. 7-1. They asserted a wide variety of damages, including past and future pain and suffering, past and future medical expenses, past and future lost wages, emotional distress, consequential expenses, physical damage to their real property, hedonic damages, and punitive damages. *Id.* at 6-7. However, they demanded

> judgment of no greater than $75,000.00 for Antonio Clayton, no greater than $75,000.00 for Evelyn Clayton, no greater than $75,000.00 for Jimmarious Plummer, no greater than $75,000.00 for Destiny Plummer, no greater than $75,000.00 for Malachi Clayton, [and] no greater than $75,000.00 for Timothy Clayton . . . for actual or compensatory damages and exemplary or punitive damages, together with pre-judgment interest, post-judgment interest, attorney's fees, court costs, and such other general relief to which the Plaintiffs may be jointly entitled to receive.

*Id.* at 8.

Accordingly, Plaintiffs argue that the amount in controversy does not exceed the jurisdictional threshold because "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969). In response, Defendant contends that it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000.00 because their demands for punitive damages are aggregated for purposes of determining the amount in controversy. Defendant is correct.

"'Aggregation' of damages allegedly owed to separate plaintiffs . . . may be

3

permitted in the limited situation where 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) (quoting *Snyder*, 394 U.S. at 335). "Punitive damages in Mississippi . . . are fundamentally collective; their purpose is to protect society by punishing and deterring wrongdoing," and "[t]heir focus is not on any one individual plaintiff . . . ." *Id.* at 1332. Therefore, the "unique nature of these awards requires, at least in Mississippi, that the full amount of alleged damages be counted against each plaintiff in determining the jurisdictional amount." *Id.* at 1333. "[E]ach plaintiff has an integrated right to the full amount of [a punitive damages] award." *Id.* at 1334. Accordingly, Plaintiffs' demands for punitive damages must be aggregated in determining the amount in controversy.

Each Plaintiff demanded an unspecified amount no more than $75,000.00 total in compensatory and punitive damages. While purportedly limiting their total recovery, they failed to specify the amounts of compensatory and punitive damages. Even if each Plaintiff sought $74,999.00 in compensatory damages and only $1.00 in punitive damages, each would still have met the jurisdictional threshold because their punitive damage demands are aggregated. Therefore, it is facially apparent from the Plaintiffs' Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as to each Plaintiff.

In reply, Plaintiffs do not dispute that demands for punitive damages under Mississippi law are aggregated for purposes of determining the amount in controversy. Instead, Plaintiffs argue that it is legally certain they will not recover more than

4

$75,000.00 because they executed affidavits, swearing under penalty of perjury that "the damages sought" in this case "does not exceed $75,000.00 per plaintiff," and that they "will not accept greater than $75,000.00 per claimant . . . ." *See* Exhibit C to Motion to Remand, *Clayton v. Denbury Onshore, LLC*, No. 2:17-CV-153-KS-MTP (S.D. Miss. Sept. 29, 2017), ECF No. 6-3.

But once this Court's "jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Jurisdictional facts are assessed at the time of removal. *Id.* "While post-removal affidavits may be considered in determining amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Id.* But "if it facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.*

As explained above, it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000.00 exclusive of interest and costs as to each Plaintiff. Therefore, Plaintiffs' post-removal affidavits do not divest the Court of jurisdiction.

### III. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion to Remand [6]. The

parties shall contact the chambers of the Magistrate Judge and schedule a Case Management Conference.

SO ORDERED AND ADJUDGED this 11th day of December, 2017.

                                         /s/ Keith Starrett
                                         KEITH STARRETT
                                         UNITED STATES DISTRICT JUDGE