IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTONIO CLAYTON, ET AL.                                                      PLAINTIFFS

v.                                                        CIVIL ACTION NO. 2:17-cv-153-KS-MTP

DENBURY ONSHORE, LLC                                                          DEFENDANT

**ORDER**

THIS MATTER is before the Court on Defendant's Motion for a *Lone Pine* Case Management Order [18]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that Defendant's Motion [18] should be denied. The Court, however, will enter a case management order and allow for discovery which is proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b).

This action was removed to this Court from the Circuit Court of Jasper County, Mississippi, First Judicial District, on August 31, 2017. There are six plaintiffs in this action, including two adults and four children. In their Complaint [1-2], Plaintiffs allege that they were exposed to carbon monoxide, carbon dioxide, and other dangerous gases which were released into the atmosphere by Defendant. Two of the Plaintiffs underwent tonsillectomies allegedly as a result of the exposure to the dangerous gases.

In its Motion [18], Defendant requests that the Court enter a *Lone Pine* case management order requiring Plaintiff to produce prima facie evidence of causation before any further discovery is allowed. Defendant specifically requests that the Court, as a threshold matter, order Plaintiffs to produce an affidavit from an expert stating that their medical conditions were caused by exposure to gas or other substances emanating from Defendant's facility. *Lone Pine* orders derive from a 1986 New Jersey Superior Court decision, where the court entered a pretrial order

that required the plaintiffs to provide facts in support of their claims through expert reports. *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Sup. Ct. Law Div. Nov. 18, 1986).

While no federal rule expressly authorizes *Lone Pine* orders, multiple courts have interpreted Fed. R. Civ. P. 16 to confer such authority to courts in complex litigation. *See McManaway v. KBR, Inc.*, 265 F.R.D. 384 (S.D. Ind. 2009) ("Lone Pine orders are permitted by Rule 16(c)(2)(L) . . . which provides that a court may take several actions during a pretrial conference, including 'adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems . . . .'"). A *Lone Pine* order is not appropriate in every case or suitable at every stage of litigation. *See*, *e.g.*, *In re Vioxx Prod. Liab. Litig.*, 557 F. Supp. 2d 741, 744 (E.D. La. 2008). The United States Court of Appeals for the Fifth Circuit has noted that "Lone Pine orders are designed to handle the complex issues and potential burden of defendants and the court in mass tort litigation." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

The instant action differs somewhat from those cases in which *Lone Pine* orders are typically entered. This action does not involve particularly complex causation issues or a great number of litigants. Defendant, however, points out that courts have entered such orders in cases with few plaintiffs. The cases cited by Defendant are distinguishable from the instant action.[1]

---

[1] In *Miller v Metrohealth Med. Cen.*, 2014 WL 12589121 (N.D. Ohio Mar. 31, 2014), two plaintiffs alleged that the defendant's mesh medical devise, used to repair their hernias, caused them to suffer complications. The court entered a *Lone Pine* order after the plaintiffs failed to provide any articulation of the basic facts in support of their claims against the defendant, despite the defendant's discovery efforts. In *Schelske v. Creative Nail Design, Inc.*, 933 P.2d 799 (Mont. 1997), a husband and wife sued multiple cosmetic manufacturers, among others, alleging that unspecified products sold by the manufacturers exposed the wife to toxic substances. The court granted the plaintiffs sixty days to serve discovery regarding the contents of the products used by the wife and required the plaintiffs to submit within ninety days a physician's opinion listing the wife's injuries and specifying the chemicals that caused each injury.

Plaintiffs in this action have articulated the basic facts which support their claims against Defendant.[2] Plaintiffs cite to a single event at Defendant's facility in which gases were released into the atmosphere. Defendant is not left guessing which gases were released or when they were released. In their Response [22], Plaintiffs specifically allege that there was a significant amount of carbon dioxide released. Defendant also states that carbon dioxide was released, although Defendant describes it as a "minor" release. *See* Motion [18]. Additionally, Plaintiffs allege that particular injuries resulted from their exposure to the carbon dioxide.[3] Plaintiffs allege that they have incurred a total of $20,797.03 in medical expenses.

This action is in the early stages of litigation, and the Court finds that available procedural devices, other than a *Lone Pine* order, would be effective in addressing the issues at hand. Defendant's desire for expert opinions on the issue of causation provides no substantial justification for a departure from the usual course of a civil action. The Court notes that, in an ordinary civil case, plaintiffs are required to designate expert witnesses early in the case management process after completion of some initial discovery. Defendant also complain that Plaintiffs previously served burdensome discovery requests, including thirty interrogatories and forty requests for production of documents. However, such concerns regarding onerous discovery can be alleviated by the entry of a case management order in which the Court sets discovery parameters in proportion to the needs of the case pursuant to Fed. R. Civ. P. 26(b).

---

[2] The Fifth Circuit has held that "[e]ach Plaintiff should have at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries." *Acuna*, 200 F.3d at 340.

[3] Plaintiff even submitted a nurse practitioner's note stating that one of the Plaintiff's medical conditions "could be caused from carbon monoxide or carbon dioxide exposure." Exhibit [22-1] at 23.

Defendant need not answer the discovery requests previously served upon it.  Instead, after the Court enters a case management order, Plaintiffs may serve upon Defendant discovery requests which comply with the limitations set forth in the case management order.

IT IS, THEREFORE, ORDERED that Defendant's Motion for a *Lone Pine* Case Management Order [18] is DENIED.

SO ORDERED this the 23rd day of February, 2018.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE